# GUSTAFSON GLUEK PLLC
### ATTORNEYS AT LAW

CANADIAN PACIFIC PLAZA

120 SOUTH SIXTH STREET, SUITE 2600

MINNEAPOLIS, MINNESOTA 55402

TEL (612) 333-8844 • FAX (612) 339-6622

DAVID A. GOODWIN
DGOODWIN@GUSTAFSONGLUEK.COM

July 24, 2017

**VIA ECF**
The Honorable Susan Richard Nelson
United States District Court
District of Minnesota
774 Federal Building
316 N. Robert Street
St. Paul, MN 55101

      Re:    *Luis et al. v. RBC Capital Markets, LLC*, Case No. 16-cv-03873-SRN/DTS

Dear Judge Nelson,

      Please accept this letter as Plaintiffs' response to the letter Defendant filed via ECF (Doc. No. 40) on Friday, July 21, 2017. Defendant's letter was initially submitted to the Court on July 19, 2017, without leave from the Court to do so. Defendant emailed the letter to Plaintiffs the same day. Defendant's email was the first that Plaintiffs learned of Defendant's intent to submit the amended complaint from *Dudek v. Prudential Securities, Inc.*, 295 F.3d 875 (8th Cir. 2002).[1]  Defendant argues in its letter that the *Dudek* amended complaint "is important because it involved circumstances and allegations that are similar to those in this action…"  To the contrary, the *Dudek* amended complaint reveals allegations that are entirely absent from the amended complaint pending before this Court.  Indeed, the amended complaint in *Dudek* actually supports the arguments made in Plaintiffs' opposition to RBC's motion to dismiss because *Dudek* alleged unlawful, malicious and wrongful conduct and Plaintiffs make no such allegations.

      Plaintiffs address the *Dudek* opinion at pp. 16 – 17 of their opposition (Doc. No. 32) and now, with the benefit of the *Dudek* amended complaint, the differences between *Dudek* and the case at bar are underscored.  For example, the *Dudek* amended complaint alleged defendant's *unlawful* marketing and sale of deferred annuities (¶ 1); defendants'

---

[1] Because this Court did express an interest in reading the *Dudek* amended complaint at the time of the hearing on RBC's motion to dismiss, Plaintiffs take no position with the submission to the Court of the *Dudek* amended complaint. However, Plaintiffs will leave to this Court's discretion whether RBC's unauthorized legal arguments should be stricken.

The Honorable Susan Richard Nelson
Page 2
July 24, 2017

"wrongful" practices (¶ 13); "wrongs" and "wrongful conduct" by the defendants (¶¶ 76(e)(i) and (e)(iv)); breach of duties by the defendants (¶¶ 14, 72, 63, 70, 71, 72, 76, 80, 85); "*malicious* conduct" in the sale of the annuities (¶ 86); the defendant's "*unlawful* course of conduct" (¶ 100); a conspiracy to commit breach of fiduciary duty (¶ 103); and "underlying *unlawful* acts" (¶¶ 104 (b), (c), (d) and (e)) (emphasis supplied).

The allegations contained in Plaintiffs' Amended Complaint pending before this Court stand in stark contrast to the allegations contained in the *Dudek* amended complaint. Whereas the *Dudek* plaintiffs could not adequately allege any violations of common law without alleging unlawful, malicious and wrongful conduct, words that trigger SLUSA preemption, the Amended Complaint before this Court alleges Defendant's breach of contract without the use of any such language.

Respectfully submitted,

GUSTAFSON GLUEK PLLC

David A. Goodwin

DAG/jlh
cc:    All Counsel of Record (via ECF)

45508